UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROSEANNE A. PURSER,

    Plaintiffs,

  v.

CAROLYN W. COLVIN,

    Defendants.

CASE NO. 3:15-cv-05845-KLS

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

  Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits and supplemental security income. The parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6; 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

  Plaintiff applied for disability insurance benefits alleging she became disabled beginning October 10, 2003. Dkt. 13, Administrative Record ("AR"), 36. Her application was denied on initial administrative review and on reconsideration. AR 36. At a hearing held before an

Administrative Law Judge ("ALJ"), plaintiff appeared and testified, as did a vocational expert. AR 36. In a written decision, the ALJ determined that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that she was not disabled. AR 36–47. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on September 21, 2015, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1; 20 C.F.R. § 404.981. On November 24, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on March 8, 2016. *See* Dkt. 13. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the ALJ's decision should be reversed and remanded for further administrative proceedings because the ALJ erred at step five in finding her to be capable of performing other jobs existing in significant numbers in the national economy. For the reasons set forth below, the Court agrees that the ALJ erred in failing to resolve the conflict between the vocational expert's testimony and the Department of Labor's Dictionary of Occupational Titles (the "DOT"), but the Court finds the error was harmless. Therefore, the Court concludes that the ALJ's decision should be affirmed.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing

the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193. The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193.

Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.   The ALJ's Findings at Step Five

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process[1] the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at

---

[1] The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.*

1100–1101.  An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ asked the vocational expert an extended hypothetical question in which she described a person with plaintiff's limitations, including the limitation that she is "limited to unskilled work with simple/routine tasks." *See* AR 91–92. The vocational expert opined that a person with such limitations can perform three representative occupations defined by the DOT: document preparer, charge account clerk, and bench hand. *See* AR 91–92. The DOT sets forth job requirements for all three positions, including the necessary reasoning ability, which the DOT measures on a six-level scale. *See Zavalin v. Colvin*, 778 F.3d 842, 844 (9th Cir. 2015). Document preparer requires Level 3 Reasoning (*see* DOT (4th ed. 1991) § 249.587-018, 1991 WL 672349); charge account clerk requires Level 3 Reasoning (*see* DOT (4th ed. 1991) § 205.367-014, 1991 WL 671715); and bench hand requires Level 1 Reasoning (*see* DOT (4th ed. 1991) § 715.684-026, 1991 WL 679344). The ALJ did not ask the vocational expert to explain how a person limited to simple, routine tasks could meet Level 3 Reasoning requirement. *See* AR 91–92. Further, in her decision, the ALJ relied upon the vocational expert's testimony that a person with plaintiff's limitations can perform the document preparer, charge account clerk, and bench hand occupations, but she did not explain whether plaintiff possessed the reasoning ability to perform these occupations. *See* AR 46.

Plaintiff avers that the ALJ erred by not resolving the conflict between the vocational expert's testimony and the DOT's reasoning levels. Dkt. 16, pps. 4–5. Specifically, plaintiff contends that her residual functional capacity limiting her to "simple, routine tasks" is in direct conflict with the DOT, which requires Level 3 Reasoning for the document preparer and charge account clerk jobs, and thus the ALJ was required to resolve this conflict through the vocational expert's testimony. *Id.*

The undersigned agrees that "[w]hen there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Zavalin*, 778 F.3d at 846 (citing *Massachi v. Astrue,* 486 F.3d 1149, 1153–54 (9th Cir. 2007); *see also Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015). Moreover, the undersigned notes that the Ninth Circuit has held "that there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning." *Zavalin*, 778 F.3d at 847. Thus, the ALJ erred in failing to resolve the conflict between plaintiff's limitation to simple, routine tasks and the demands of the DOT Level 3 Reasoning for the document preparer and charge account clerk jobs.

Defendant contends that even if the ALJ improperly failed to resolve the conflict between the DOT and the vocational expert's testimony, the ALJ did not commit harmful error because the bench hand job remained upon which to affirm the ALJ's decision. *See* Dkt. 19, pps. 2–3. The Court agrees. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court noted that "in each case we look at the record as a whole to determine [if] the

error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir.2008)) (other citations omitted). The court further noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (quoting *Shinsheki v. Sanders*, 556 U.S. 396, 407, 129 S.Ct. 1696, 173 L.Ed.2d 532 (2009) (quoting 28 U.S.C. § 2111) (codification of the harmless error rule)).

Here, as noted above, the ALJ's failure to resolve the conflict between the DOT and the vocational expert's testimony was legal error. Plaintiff avers that eliminating two or even just one of the jobs identified at step five prevented the ALJ from meeting her burden, and that the Court cannot draw a factual conclusion that any remaining number of jobs would be significant.[2] *See* Dkt. 16, pps. 6-7, *citing Allen v. Barnhart,* 357 F.3d 1140, 1143–44 (10th Cir. 2004). However, plaintiff ignores Ninth Circuit precedent supporting a district court's finding of harmless error at step five based on the existence of a significant number of *remaining* jobs. *See*, *e.g.*, *Meanel v. Apfel*, 172 F.3d 1111, 1114–15 (9th Cir. 1999) (indicating that the court need not address a claimant's arguments regarding one of two jobs identified by the ALJ given that the number of positions for one of those jobs—between 1,000 and 1,500 in the local area—

---

[2] Plaintiff also argues that the ALJ's decision violates an internal Social Security Administration manual, the Program Operations Manual System ("POMS"). Dkt. 16, pps. 5–6. Specifically, plaintiff argues that the POMS requires remand because the ALJ is required to rely upon at least three occupations to make a finding of not disabled. *Id.* As an initial matter, the Ninth Circuit has recognized the POMS as being "persuasive authority" but that it does not have the "force of law." *Warre v. Commissioner of Social Security Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006). In addition, "it does not impose judicially enforceable duties on either this court or the ALJ." *Carillo-Yeras v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011) (citations and quotations omitted). Regardless, as noted by the Commissioner, the very section of POMS that plaintiff cites provides that ALJ's "may cite fewer than three occupations when it is clear that jobs exist in significant numbers within fewer than three occupation(s)." *See* POMS Section DI 25025.030, *available at* https://secure.ssa.gov/poms.nsf/lnx/0425025030 (last accessed June 15, 2016).

constituted a significant number); *Barker v. Secretary of Health & Human Servs.*, 882 F.2d 1474, 1479 (9th Cir. 1989) (although declining to exclude certain jobs identified, finding that, even if those jobs were excluded, the remaining jobs—1,266 jobs in the Los Angeles/Orange County area—constituted a significant number); *see also*, *e.g.*, *Meissl v. Barnhart,* 403 F.Supp.2d 981, 982 & n.1 (C.D. Cal. 2005) (ALJ's step five decision would still be supported by substantial evidence even without consideration of one of two jobs identified by the ALJ given that the numbers for the other job—approximately 1,700 locally and 38,000 nationally—was significant) (citing *Barker*, 882 F.2d at 1479); *Staley v. Astrue*, 2010 WL 3230818, at *21–22 (W.D. Wash. July 27, 2010) (same). Here, the ALJ's step five decision is supported by substantial evidence even without consideration of the document preparer and charge account clerk jobs. The remaining job of bench hand—with 455 statewide jobs and 28,970 jobs in the national economy—constitutes a significant number of jobs.

Plaintiff argues that, after removing the document preparer and charge account clerk jobs, the remaining 28,970 jobs in the national economy and 455 jobs in Washington State for the bench hand job is not a significant number. Plaintiff avers that the Ninth Circuit's holding in *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 527–28 (9th Cir. 2014) dictates remand because the *Gutierrez* "court did not find 25,000 jobs nationally to be significant after erosion, but rather, found 25,000 jobs to be a close call." Dkt. 16, pps. 7–9. The Court disagrees. The Ninth Circuit has "never set out a bright-line rule for what constitutes a 'significant number' of jobs." *Gutierrez*, 740 F.3d at 528. Moreover, the Court disagrees with Plaintiff's interpretation of *Gutierrez*. The *Gutierrez* court noted that "[u]nder our current case law, the ALJ's finding that 25,000 national jobs is sufficient presents a close call." *Id.* at 529 (emphasis added). The court went on to note that although prior decisions "involved higher numbers of nationwide jobs, none precluded the possibility that 25,000 jobs constitutes a significant number." *Id.* Then, the court

found that 25,000 jobs in the national economy "signifies a significant number of jobs in several regions of the country." *Id.* Accordingly, in light of the Ninth Circuit's holding that 25,000 constitutes a significant number of jobs in the national economy, the remaining 28,970 jobs in the national economy and 455 jobs in Washington state for the bench hand occupation is sufficient to satisfy the ALJ's findings at step five. *See id.*; *see also Nelson v. Colvin*, 2014 WL 372496, at *4 (W.D. Wash. Feb. 3, 2014) (collecting cases and noting that 22,000 national jobs is significant); *Murphy v. Colvin,* 2013 WL 5371955, at *14 (W.D. Wash. 2013) (finding 17,782 national jobs was significant).

Plaintiff also argues remand is appropriate because the *Gutierrez* court "took note that the jobs the [vocational expert] identified in that case were assembler and agricultural jobs of the sort that would be representative of other similar occupations in California." Dkt. 16, p. 7. However, a person is not disabled if she can perform "substantial gainful work which exists in the national economy." *Gutierrez*, 740 F.3d at 523 (quoting 42 U.S.C. § 1382c(a)(4)(B)) (emphasis omitted). As the *Gutierrez* court noted, "whether work exists in the claimant's local area is irrelevant for purposes of determining whether work exists in the national economy." *Id.* at 525 (citing 20 C.F.R. § 416.966(c)) (internal quotation marks omitted). Work that exists in the national economy means "work which exists in significant numbers *either* in the region where such individual lives or in several regions of the country." *Id.* (original emphasis omitted; italics added). Nothing in *Gutierrez* suggests that an ALJ must identify jobs that exist locally. Thus, the ALJ did not err in failing to consider whether the bench helper job is available to plaintiff in the local region.

Finally, plaintiff also argues that "it's hard to believe that [bench hand] jobs exist in today's electronic world in the numbers the VE professed" and the job is likely obsolete. Dkt. 16, pps. 8, 1. However, a vocational expert's "recognized expertise provides the necessary

foundation for his or her testimony," and therefore "no additional foundation is required." *Bayliss*, 427 F.3d at 1218. Here, plaintiff did not object to the vocational expert's qualifications (*see* AR 90), and in light of plaintiff's failure to point to any specific evidence of unreliability with the expert's testimony itself, the Court finds plaintiff has presented no reasonable basis for challenging the ALJ's reliance thereon.[3] Thus, plaintiff's challenge fails here as well.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

DATED this 17th day of June, 2016.

Karen L. Strombom
United States Magistrate Judge

---

[3] Plaintiff also suggests that she was not represented at the hearing before the ALJ and may "not have understood the need for cross examining the [vocational expert] on where she obtained her jobs numbers and on her deviations from the DOT." Dkt. 16, p. 8. Plaintiff goes on to note that the ALJ had a "special duty" to develop the record fully and fairly given that plaintiff was unrepresented. *Id.* Plaintiff's argument is not fully developed on this point, and she does not point to any specific inadequacies in the record that the ALJ failed to fully develop. Regardless, the record does demonstrate that the ALJ was aware plaintiff was unrepresented and took steps to explain procedures to plaintiff. At an initial hearing on October 11, 2013, the ALJ explained plaintiff's right to be represented as well as the steps to determine whether plaintiff is disabled. *See* AR 3012–29. In fact, the ALJ continued plaintiff's hearing so that she could find representation. *See id.* During her second hearing in January 2014, the ALJ offered again to explain the issues and steps to plaintiff, and plaintiff responded "[t]hat's not necessary." AR 62. Plaintiff has failed to point to any error by the ALJ to fully develop the record, and the Court does not find that the ALJ erred.